IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Diversified Employee Solutions, Inc.,

Plaintiff,

-vs-

Sharon Pawloski, et al.,

Defendant.

Case No. 11 CV 938

O R D E R

JUDGE JACK ZOUHARY

### INTRODUCTION

Before the Court is Plaintiff's Application to Vacate Arbitration Award or, in the alternative, Motion to Modify the Arbitration Award (Doc. No. 1).  Plaintiff asks this Court to vacate an arbitration award in favor of Defendant Pawloski that stems from a prior employment dispute between the parties.  *See Pawloski v. Diversified Emp. Solutions, Inc., et al.*, 3:08-cv-00662-JZ (N.D. Ohio). After an initial review of this pleading, it was unclear whether this Court had proper subject matter jurisdiction over this dispute.  Therefore, this Court issued an Order to Show Cause to demonstrate proper jurisdiction (Doc. No. 4).  Plaintiff responded (Doc. No. 5).

### DISCUSSION

This Court's jurisdiction over controversies touching on arbitration is limited.  Questions of subject matter jurisdiction can be raised at any time, by any party or *sua sponte* by the court itself. *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992).

"Congress enacted the [Federal Arbitration Act ("FAA")] to replace judicial indisposition to arbitration with a 'national policy favoring [it] and plac[ing] arbitration agreements on equal footing with all other contracts.'" *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581 (2008) (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006)). The Supreme Court notes "§§ 10 and 11 [of the FAA] respectively provide the FAA's exclusive grounds for expedited vacatur and modification [of an arbitration award]." *Hall Street Assocs.*, 552 U.S. at 584.

However, the FAA does not independently confer subject matter on this Court with respect to vacating and modifying arbitration awards. Instead, a plaintiff must plead a proper independent basis to invoke the district court's jurisdiction. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25, n.32 (1983) ("[T]he Act does nothing, being 'something of an anomaly in the field of federal-court jurisdiction' in bestowing no federal jurisdiction but rather requiring an independent jurisdictional basis."). Applying this guidance, courts have required that a plaintiff must not only plead a basis for modifying or vacating the arbitration award as established by the FAA, but also an independent ground for the court's subject matter jurisdiction, such as the existence of a federal question or complete diversity. *Ford v. Hamilton Inv., Inc.*, 29 F.3d 255, 257–58 (6th Cir. 1994). Furthermore, if the independent ground for subject matter jurisdiction is a federal question, it "must be disclosed upon the face of the complaint, unaided by the answer." *Id.* at 258 (quoting *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127–28 (1974)).

Here, both prongs -- the independent basis for jurisdiction and the ability of this Court to vacate or modify an award as set forth in the FAA -- are lacking on the face of the Motion. In an attempt to show an independent basis for jurisdiction, Plaintiff has tried to shoehorn the Motion into

2

a federal question by claiming the arbitrator made mistakes in applying federal law -- the Family Medical Leave Act ("FMLA").  The FMLA however is not the crux of this case.

Before *any* court could reach the purported federal FMLA questions posed by Plaintiff, that court would first have to determine why Plaintiff should be able to contest the arbitrator's alleged mistakes of law in light of the employment agreement between Plaintiff and Defendant Pawloski. That agreement, provided by Plaintiff and signed by Pawloski, required mandatory and binding arbitration of all employment disputes, which is exactly what occurred here.  In fact, it was that very arbitration provision in the employment agreement that resulted in a prior case between these parties being dismissed from this Court.  *See Pawloski*, 3:08-cv-00662-JZ (N.D. Ohio).  Therefore, on its face, this is a contract dispute and is a question of state, not federal, law.

Plaintiff begrudgingly acknowledges this point in its initial Motion, in which Plaintiff cites two sections of Ohio state law, R.C. §§ 2711.10(D) and 2711.11, as the basis for vacating or modifying the arbitration award.  Section 2711.11 expressly grants jurisdiction to the "court of common pleas in the county wherein an award was made in arbitration."  While the underlying dispute may well be federal in nature (FMLA), Plaintiff's Motion provides no independent basis for federal court review of the arbitration award.  On the contrary, state court jurisdiction is specifically authorized.

Second, even assuming federal question jurisdiction was established, Plaintiff has not requested relief within the confines of the FAA.  Section 10 of the FAA, which provides the exclusive grounds for vacatur by this Court, does not include simple errors of law, which is all Plaintiff has pled in its Motion and Response to the Order to Show Cause (Doc. Nos. 1, 5).  Section 10 grants this Court the limited power to vacate an arbitration award only in specific instances:

3

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

Plaintiff has not pled any of these four bases for vacating the arbitrator's award.  Instead, Plaintiff focuses on the arbitrator's alleged mistakes in interpreting and applying the concept of "Joint Employers" under the FMLA (Doc. No. 1 at 5–11).  There simply is no basis for this Court's jurisdiction to vacate the arbitration award for such an error of law as pled by Plaintiff.

### CONCLUSION

Accordingly, this case is dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.

     ___ s/ *Jack Zouhary* ____
     JACK ZOUHARY
     U. S. DISTRICT JUDGE

     May 31, 2011

4